UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEITH MITCHELL INGRAM,

                    Petitioner,

v.

JEFF PREMO,

                    Respondent.

6:10-cv-00736-TC

FINDINGS AND
RECOMMENDATION

COFFIN, Magistrate Judge.

Petitioner, an inmate in the custody of the Oregon Department of Corrections, filed a petition under 28 U.S.C. § 2254 challenging his November 3, 2003, convictions for Attempted Murder, Kidnapping in the First Degree, Carry/Use of a Dangerous Weapon, Felon in Possession of a Firearm, Pointing a Firearm at Another, and two counts of Menacing. Respondents Exhibit 101.

After a jury convicted petitioner of the above listed crimes, the court sentenced petitioner to a total of 201 months imprisonment. *Id.*

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 105 - 109.

Petitioner filed a First Amended Petition for Post-Conviction Relief, Exhibit 110, but the Marion County Circuit court denied relief, Exhibit 124. The Oregon Court of Appeals affirmed

1    1 - FINDINGS AND RECOMMENDATION

without opinion and the Oregon Supreme Court denied review.  Exhibits 125 - 129.

Petitioner filed a *pro se* Petition for Habeas Corpus relief under 28 U.S.C. § 2254, alleging 5 claims for relief. Petition (#1) p. 5-7.  Subsequently the Public Defender was  appointed to represent petitioner in this proceeding. Petitioner's counsel filed a Brief in Support of Petition (#36) which presents argument only at to petitioner's claim alleged in Ground Three that his trial counsel was constitutionally ineffective for failing to move for a judgment of acquittal on the kidnapping charge. Therefore petitioner's claim alleged in Grounds One, Two, Four and Five are properly deemed waived and/or abandoned. See, Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006), *cert. denied* 2007 US LEXIS 8289 (U.S. June 25, 2007) [claims waived where there is no attempt to prove them]; see also, Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) [claims deemed abandoned where petitioner made no argument regarding them in his brief].

Respondent argues that Ground Three should be denied because it was "not fairly presented to Oregon's highest court in a manner in which [it] would be considered."  Response (#21) p. 2. Respondent further argues that "to the extent that [Ground Three] was fairly presented to the Oregon state courts, relief ... was denied in decisions that were neither 'contrary to," nor an 'unreasonable application of,' United State Supreme Court precedent.  Finally, petitioner's claims are without merit." *Id.*

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims.  Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992).  If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim.  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

2 - FINDINGS AND RECOMMENDATION

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to

[petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S.538, 559 (1998).

Allegations of ineffective assistance of trial or appellate counsel are properly raised in post-conviction. State v. Lloyd, 109 Or. App. 213, 214 (1991), *rev. denied* 315 Or. 268 (1992).

In his First Amended Petition for Post-Conviction Relief petitioner raised 13 claims of ineffective assistance of trial counsel including the claim that "[t]rial counsel failed to conduct a reasonable and adequate investigation into the law and facts of the case." First Amended Petition for Post-Conviction Relief (#110) p. 3. However, petitioner did not allege in his petition the specific facts that counsel was ineffective for failing to move for a judgment of acquittal on the kidnapping count.

Petitioner argued in his PCR trial memorandum that "counsel should have researched the law on Kidnaping and Attempted Murder and should have made a motion for judgment of acquittal on both counts. His motion for judgment of acquittal on Kidnaping should have been based on the fact that the State had not proven Petitioner substantially interferred with Mary Stupin's liberty." Exhibit #111, Petitioner's Trial Memorandum p.8.

The PCR court noted:

> 18. Petitioner raised the issue at trial that his trial counsel did not move for a judgment of acquittal on the kidnapping charge. The state was not made aware of that issue because it was not plead in petitioner's petition or mentioned in petitioner's deposition.

Exhibit 122, Memorandum Opinion, at 2.

4 - FINDINGS AND RECOMMENDATION

Petitioner raised the claim in his PCR appeal, Exhibit #125, and the Court of Appeals affirmed without opinion. Exhibit #129. Petitioner raised the claim in his petition for review to the Oregon Supreme Court, Exhibit #127, and the Oregon Supreme Court denied review. Exhibit #128. Respondent argued on PCR appeal that the claim was not properly before the court. *See*, Exhibit 126, p. 6.

A post-conviction petitioner cannot obtain relief on a ground not pled: "All grounds for relief claimed by a petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition ***." ORS 138.550(3). *See*, Pinnell v. Palmateer, 200 Or App 303, 114 P.3d 515 (2005), *rev den* 340 Or 483. 135 P3d 318 (2006) ("the allegations in a post-conviction petition limit the issues before the court, and any claim that a petitioner fails to include in the original or amended petition is waived.") *See also*, Bowen v. Johnson, 166 Or App 89, 92-93, 999 P.2d 1159, *rev den* 330 Or. 553, 10 P.3d 943 (2000).

Petitioner did not plead ineffective assistance of counsel based on counsel's failure to move for judgment of acquittal in his First Amended Petition for Post-Conviction Relief. Thus, although petitioner presented Ground Three to the PCR trial court, I find it was not presented in a procedural context in which the merits would be considered by the court.[1] In addition, I find that the general failure to investigate claim that was alleged in the PCR petition did not allege specific facts sufficient to "fairly present" the claim raised in Ground Three to the PCR court.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" Ground Three (or any additional claims) to the

---

[1]Although the PCR trial court made finding regarding the merits of the claim.

5 - FINDINGS AND RECOMMENDATION

Oregon Courts.[2]  Thus, Ground Three is procedurally defaulted.

Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to  the fundamental miscarriage of justice exception to the exhaustion requirement Accordingly the claim is not properly before the court and should be denied.

Assuming *arguendo* that the claim alleged in Ground Three is properly before the court, I find that the PCR court decision regarding the claim is entitled to deference by this court and is correct on the merits.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

1.)  resulted in a decision that was contrary to, or  involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law.  Williams v. Taylor, 529 U.S. 362, 404

---

[2]ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register.  ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment.  ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals's decision. *See also,* ORAP 9.05(2) (same).  Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

(2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

Under the "contrary to" clause, a federal court may grant relief only if the state court either (1) applied a rule that contradicts the governing law set forth in Supreme Court cases, or (2) confronted a set of facts that was materially indistinguishable from a Supreme Court decision but nonetheless arrived at a different result. Williams, 529 U.S. at 406.

Under the "unreasonable application" clause, a federal court may grant relief only if the state court identified the correct governing principle from the Supreme Court but unreasonably applied that principle to the facts of the petitioner's case. Williams 529 U.S. at 413. This clause "requires the state court decision to be more than incorrect or erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (2003). Rather, the "state court's application of clearly established law must be objectively unreasonable." Id. It is not "an unreasonable application of clearly established Federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Finally, under 28 U.S.C. § 2254(d)(2), "[f]actual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller -el v. Cockrell, 537 U.S. 322, 340 (2003). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam), quoting Lindh v. Murphey, 521 U.S. 320, 333 n. 7 (1997). This is true even if the state court did not fully articulate their reasoning. Delgado v. Lewis, 223 F. 3rd 976, 982 (9th Cir. 2000) ("federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to

7 - FINDINGS AND RECOMMENDATION

determine whether the state court clearly erred in its application of the controlling federal law.").

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391.  Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components.  First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness.  Strickland, supra at 688.  The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id., at 694.  A "reasonable probability" is one that is sufficient to undermine confidence in the outcome."  Id.

In order to satisfy the prejudice requirement in the context of a plea agreement, the petitioner must demonstrate that there is a "reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).  In plea agreement cases, the "resolution of the 'prejudice' inquiry will depend largely on whether [an] affirmative defense likely would have succeeded at trial. Id. at 59.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

8 - FINDINGS AND RECOMMENDATION

> [J]udicial scrutiny of a counsel's performance must be highly deferential and
> that every effort [must] be made to eliminate the distorting effects of
> hindsight, to reconstruct the circumstances of counsel's c h a l l e n g e d
> conduct, and to evaluate the conduct from counsel's perspective at the time.
> Thus, even when a court is presented with an ineffective-assistance claim not
> subject to §2254(d)(1) deference, a defendant must o v e r c o m e  t h e
> presumption that, under the circumstances, the challenged action might be
> considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is

the habeas applicant's burden to show that the state court applied Strickland to the facts of his case

in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (*per curiam*).

As noted above, although petitioner did not plead the claim in Ground Three in his PCR

petition, he argued it at his PCR trial. The PCR court addressed the argument as follows:

> One issue not addressed by the state in its trial memorandum was the
> argument in petitioner's trial memorandum that his trial attorney should have
> moved for a judgment of acquittal on the kidnapping charge, because the
> evidence did not show that the victim was moved a sufficient distance.
>
> The state's failure to address this issue in its trial memorandum is
> understandable given that this allegation was not pled in the petition nor
> mentioned in petitioner's deposition. At trial the state asked for an
> opportunity to brief this issue if I deemed it necessary.
>
> The underlying criminal trial in this case took place in October of
> 2003. The case on which petitioner relies to argue that his trial counsel
> should have moved for a judgment of acquittal was decided in 2005. *State
> v. Wolleat*, 338 Or 469 (2005). The conviction which was reversed in *Wolleat*
> had, at the time Mr. Ingram's case was tried, been upheld by the Court of
> Appeals. *State v. Wolleat*, 189 Or App 336 (August 27, 2003). That decision
> was affirmed by the bench, with no letter opinion. Petitioner makes no
> argument, and I can see none, as to why trial counsel's failure to anticipate
> the reversal in *Wolleat* constituted a failure to exercise reasonable skill and
> judgment. *Chase v. Blackletter*, 221 Or App 92 (2008)(trial counsel's failure
> to anticipate the *Ice* decision and accordingly object to consecutive sentences
> based on judicial factfinding did not constitute failure to exercise reasonable
> skill and judgment).
>
> Moreover, contrary to petitioner's argument, the trial testimony of

9 - FINDINGS AND RECOMMENDATION

witness Michael Rummel indicated that defendant's transportation of the
victim exceeded merely pulling her a few feet by her hair. Mr. Rummel
testified that although the victim voluntarily entered the car with defendant
and him, as the defendant continued driving the victim stated that she wanted
to go home, and the defendant, rather than taking her home, stated that maybe
he was looking for a place to bury the victim. The hair-pulling occurred
shortly thereafter, when the victim attempted to flee the car. [Tr. 181-184].
The jury well have concluded that the entire incident constituted the
kidnapping, and therefor a judgment of acquittal would have been hightly
unlikely to have been granted, even after *Wolleat*. Certainly it cannot be said
that the failure to make such a motion was a failure to exercise professional
skill and judgment.

Exhibit 122, Memorandum Opinion, at 1-2.

At the conclusion of the post-conviction trial, the

trial court entered the following findings:

19. The testimony of the witnesses at the underlying trial in this case did
support a verdict of guilty of the charge of Kidnapping in the First Degree.
Petitioner continued to drive the victim in the car after she expressed her
desire to return home. Petitioner, rather than taking her home, stated that
maybe he was looking for a place to bury her. Shortly thereafter, petitioner
dragged (the victim) by her hair for a few feet.

20. Petitioner's trial took place in October, 2003, prior to the ruling in *State
v. Wolleat*, 189 Or App 336 (August 27, 2003) Trial counsel's failure to
anticipate the reversal in *Wolleat* was not a failure to exercise reasonable
skill and judgment. Trial counsel did not have the benefit of the more
stringent asportation requirements outlined in *Wolleat II* when he assessed
the evidence at petitioner's trial. [citing *Chase v. Blackletter*, 122 Or App 92
(2008)).

21. The jury could have well concluded taht the entire incident constituted
the kidnapping and therefore a judgment of acquittal would have been highly
unlikely to have been granted even after *Wolleat*. Certainly it cannot be said
that the failure to make such a motion was failure to exercise reasonable
professional skill or judgment.

Exhibit 123, Findings of Fact and Conclusions of Law, at 4-5.

The post-conviction court's findings regarding state law interpretation are correct and not

subject to federal review. In <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991), the Court specifically

10 - FINDINGS AND RECOMMENDATION

stated that "federal habeas corpus relief does not lie for errors of state law." (*Quoting*, Lewis v. Jeffers, 497 U.S. 764, 780 (1984))). Rather "[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of [federal] constitutional dimension." Wainwright v. goode, 464 U.S. 78, 83 (*citing* Engle v. Issac,456 U.S. 107 (1982)).

The state court finding that petitioner's trial counsel was not constitutionally deficient is not contrary to or an unreasonable application of *Strickland.* The jury convicted petitioner of kidnapping in October 2003. *Wolleat* was decided in May, 2005 - nineteen months later. Trial counsel was not required to anticipate *Wolleat. "Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." Sophanthavong v. Palmateer, 378 F3d 859, 870 (9th Cir. 2004).

In addition, petitioner has not establish clear and convincing evidence to contradict the state court factual finding that there was sufficient evidence for the jury to find asporation beyond the movement resulting from the hair pulling. Therefore, I agree with the PCR court that it would have been "highly unlikely" that a motion for acquittal would have been granted even after *Wolleat.* Accordingly, petitioner has failed to establish the second (prejudice) prong of *Strickland.*

In summary, I find that petitioner waived or abandoned Grounds One, Two, Four and Five of his *pro se* petition by not presenting any evidence or argument in support of those claims. Petitioner procedurally defaulted the claim raised in Ground Three by not fairly presenting it to the state courts in a procedural context in which the merits would be considered, and has not established cause and prejudice for the procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. The state PCR trial court made findings regarding the claim in Ground Three and those findings are entitled to deference by this court because they are not contrary to or an unreasonable application of *Strickland.* Moreover, the state

11 - FINDINGS AND RECOMMENDATION

court findings are supported by the record before the court. Petitioner has not established that his attorney's failure to move for acquittal on the kidnapping charge fell below an objective standard of reasonableness or that he was prejudiced by his attorney's failure to make a merit-less motion.

Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this _____ day of July, 2012.

_____
Thomas M. Coffin
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION