UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KEITH MITCHELL INGRAM,   Case No. 6:10-cv-00736-TC

    Petitioner,   OPINION AND ORDER

    v.

JEFF PREMO,

    Respondent.

---

AIKEN, Chief Judge:

    Petitioner Keith Ingram brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 10, 2012 United States Magistrate Judge Coffin issued his Findings and Recommendation and recommended that petitioner's petition be denied and the proceeding be dismissed. The matter is now before me. See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

1 - OPINION AND ORDER

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must give de novo review to that portion. 28 U.S.C. § 636(b)(1)(C). Petitioner filed timely objections to the Findings and Recommendation. I have therefore given de novo review of Magistrate Judge Coffin's rulings. For the reasons given below, I adopt Judge Coffin's Findings and Recommendations in part, deny the petition, and allow a Certificate of Appealability.

## I. BACKGROUND

The facts underlying petitioner's conviction are detailed in the parties' briefing before Magistrate Judge Coffin, and the court will not repeat them here. Briefly, in 2003 petitioner was found guilty of attempted murder, kidnapping in the first degree, carry/use of a dangerous weapon, felon in possession of a firearm, pointing a firearm at another, and two counts of menacing. Petitioner was sentenced to 201 months in prison.

Petitioner directly appealed his conviction to the Oregon Court of Appeals and subsequently to the Oregon Supreme Court. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Petitioner filed a First Amended Petition for Post-Conviction Relief (PCR), but the Marion County Circuit court denied relief. The Oregon Court of

2 - OPINION AND ORDER

Appeals affirmed without opinion and the Oregon Supreme Court denied review.

Petitioner filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging five claims for relief. Petitioner subsequently was appointed counsel who submitted a brief in support of the petition.

## II. DISCUSSION

In his Findings and Recommendation, Magistrate Judge Coffin found that petitioner's claims alleged in Grounds One, Two, Four and Five were waived and/or abandoned. Petitioner does not object to this finding, and I agree that petitioner's claims in Grounds One, Two Four, and five are waived and/or abandoned.

Magistrate Judge Coffin also found that Ground Three is procedurally defaulted, or alternatively, that the state court findings on this claim are entitled to deference. Petitioner objects to these findings. Petitioner also objects to the recommendation that a Certificate of Appealability be denied.

In Ground Three, petitioner claims that his trial counsel rendered ineffective assistance under the Sixth Amendment by failing to bring a motion for judgment of acquittal or arguing that evidence was insufficient to sustain a guilty verdict for kidnapping in the first degree.

3 - OPINION AND ORDER


Petitioner argues that although he failed to assert this claim in his PCR petition, the PCR court addressed the merits of the claim and therefore it is not procedurally defaulted. Petitioner relies on a Ninth Circuit decision asserting that "[o]f course, when state courts overlook a procedural default and decide the merits of a federal claim, federal review is not precluded." Towery v. Schriro, 641 F.3d 300, 312 (9th Cir. 2010); Pet.'s Obj. at 2 (doc. 44). Thus, petitioner maintains that because the PCR court addressed the merits of his ineffective assistance of counsel claim asserted in Ground Three, the PCR court "overlooked" any procedural default.

In Towery, the Ninth Circuit affirmed a ruling that federal habeas review was barred where the "last reasoned" state court decision addressing the claim "explicitly found a procedural default under state law," even though the state court also addressed the claim on the merits. Towery, 641 F.3d at 312 & n.3. Here, the PCR court noted that petitioner had not raised his ineffective assistance of counsel claim in his PCR petition or his deposition. Ex. 122 at 1; Ex. 123 at 4. However, the PCR court did not "explicitly" find that petitioner's claim was barred by a state procedural rule, and the court proceeded to deny the claim on the merits. Given the ambiguous language of the PCR court's ruling and its ultimate findings on the merits,

4 - OPINION AND ORDER

it is questionable whether procedural default bars federal review of petitioner's ineffective assistance of counsel claim raised in Ground Three.

Regardless of whether petitioner's claim is procedurally defaulted, I find that the PCR court's decision is entitled to deference. Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in a state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) and (2). Further, "a determination of a factual issue made by a State court shall be presumed to be correct." Id. § 2254(e)(1).

Petitioner argues that the PCR court's decision was an objectively unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), based in part on the PCR court's unreasonable determination of the factual record. A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

5 - OPINION AND ORDER

Williams v. Taylor, 529 U.S. 362, 407, 413 (2000). The Supreme Court has emphasized that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." Id. at 410-11. Thus, "[e]ven if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." Penry v. Johnson, 532 U.S. 782, 793 (2001); see also Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (rejecting Ninth Circuit's "clear error" standard for determining whether application of federal law by a state court is unreasonable under the AEDPA).

The PCR court found that petitioner's trial counsel was not deficient in failing to bring a motion for acquittal, because "the testimony of the witnesses at the underlying trial in this case did support a verdict of guilty on the charge of Kidnapping in the First Degree." Ex. 122 at 1-2; Ex. 123 at 4-5. The PCR court also found that the case on which petitioner relied in arguing otherwise was decided by the Oregon Supreme Court after petitioner's trial. Id. These findings are not an unreasonable application of federal law. The PCR court's consideration of the evidence was not unreasonable, and its determination of whether such evidence established a state law offense is not subject to federal review. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A]

6 - OPINION AND ORDER

state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."). Further, the PCR court was correct in finding that trial counsel was not required to anticipate a future appellate ruling. See <u>Sophanthavong v. Palmateer</u>, 378 F.3d 859, 870 (9th Cir. 2004) ("Counsel was not required to predict accurately how the Oregon courts would resolve the question whether the evidence was legally sufficient to support a conviction.").

The PCR court also found that it was "highly unlikely" that a motion for judgment of acquittal would have been granted in light of the testimony presented. Thus, petitioner failed to establish that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. Again, this finding is not an unreasonable application of clearly established federal law.

## CONCLUSION

For the reasons set forth, IT IS HEREBY ORDERED that Magistrate Judge Coffin's Findings and Recommendation (doc. 39) filed July 10, 2012 is ADOPTED in part. Petitioner fails to show that the state court decision regarding Ground Three was an unreasonable applicable of clearly established federal law or based on an unreasonable determination of the facts.

7 - OPINION AND ORDER

Accordingly, the petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (doc. 1) is DISMISSED. Should petitioner appeal, a certificate of Appealability shall be available to petitioner. See 28 U.S.C § 2253(c)(2).

IT IS SO ORDERED.

Dated this 2ND day of November, 2012.

*/s/ Ann Aiken*
Ann Aiken
United States District Judge

8 - OPINION AND ORDER